NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TELEBRANDS CORP.,** | **Civil Action No. 12-6671 (FSH)** |
| **Plaintiff,** | |
| **v.** | |
| **NATIONAL EXPRESS, INC., et al.,** | |
| **Defendants.** | |
| **BLUE GENTIAN, LLC,** | **Civil Action No. 13-481 (FSH)** |
| **Plaintiff,** | |
| **v.** | |
| **TELEBRANDS CORP.** | |
| **Defendant.** | |
| **BLUE GENTIAN, LLC, et al.,** | **Civil Action No. 13-1758 (FSH)** |
| **Plaintiffs,** | |
| **v.** | |
| **TRISTAR PRODUCTS, INC., et al.,** | |
| **Defendants.** | |
| **BLUE GENTIAN, LLC, et al.,** | **Civil Action No. 13-4627 (FSH)** |
| **Plaintiffs,** | |
| **v.** | |
| **TELEBRANDS CORP., et al.,** | |
| **Defendants.** | |

| | |
|---|---|
| **BLUE GENTIAN, LLC, et al.,** | **Civil Action No. 13-7099 (FSH)** |
| **Plaintiffs,** | |
| **v.** | |
| **TRISTAR PRODUCTS, INC., et al.** | **OPINION** |
| **Defendants.** | |

**THIS MATTER** comes before the Court upon its August 8, 2014 Amended Order to Show Cause ("August 8th OTSC").  (Civil Action No. 12-6671, Dkt. No. 159).[1]  The facts and the procedural history are outlined in the August 8th OTSC.  (*See id.*).  On that date, the Court ordered the parties to show cause why it should not:

> 1) Sever Telebrands from Civil Action No. 13-4627 and Tristar from Civil Action No. 13-7099 and allow the parties to amend the pleadings and proceed with all claims under all patents against the manufacturers alone in the initially filed cases;

> 2) The Court would simultaneously allow the parties to amend the pleadings in 13-4627 and 13-7099 to proceed solely against the Retail Defendants, including HSN and Family Dollar, and the Court will stay both actions in accordance with the logic stated in *Richmond I & II* and *Nintendo*;

> 3) Since 12-6671 and 13-481 currently appear to be identical, and imaginably would be so with amended pleadings as well, the Court will consolidate the two actions for all purposes under the Civil Action No. 12-6671.  13-481 would be closed; and

> 4) as the Court anticipates a) allowing the amendments in Blue Gentian's and NEI's Motion to Amend in 13-4627, b) allowing Telebrands and Tristar to amend any pleadings and contentions in response to the '213 patent, and c) staying the Retail Defendants,

---

[1] The parties filed their respective responses and replies in each of the five cases.  For simplicity's sake, unless otherwise stated, all docket entry references refer to Civil Action No. 12-6671.

> and as Tristar, Blue Gentian, and NEI state the amended pleadings
> will moot the pending Motions to Amend and Dismiss the
> counterclaims in 13-1758 and 13-7099, the Court will terminate all
> pending motions.

(*Id.*, at 9-10). Telebrands Corp. ("Telebrands"), Tristar Products Inc. ("Tristar"), along with the "Retail Defendants," including Wal-Mart Stores, Inc. ("Wal-Mart"), The Walgreen Company ("Walgreen"), and Sam's Wholesale Club ("Sam's Club") filed a joint response to the August 8th Order. (Dkt. No. 160). Blue Gentian, LLC ("Blue Gentian") and National Express, Inc. ("NEI") also filed a response. (Dkt. No. 161). Each party then filed a reply to the opposing side's response. (Dkt. Nos. 162, 163).

Blue Gentian and NEI's primary objection relates to the proposed stay of the actions against the Retail Defendants and the possibility of duplicative litigation. (Dkt. No. 161). Of primary concern is the refusal by the Retail Defendants to agree to be bound by any judgment against the manufacturers. (*Id.*, at 2-4). Blue Gentian and NEI argue that in refusing to be bound, the Retail Defendants leave open the possibility of their own suit against Blue Gentian and NEI should the manufacturer case be decided against their interests. Blue Gentian and NEI distinguish cases in which stays were granted, arguing that the courts noted or relied on the parties' agreements to be bound. (*See id.*) Additionally, Blue Gentian and NEI argue there may be no safeguard of collateral estoppel. (*See id.*, at 4-6). Blue Gentian and NEI contend that with no agreement or collateral estoppel, the Retail Defendants would be free to re-litigate the case against Blue Gentian and NEI and such a result would fly directly in the face of judicial economy and would prejudice Blue Gentian and NEI.

As an alternative, Blue Gentian and NEI propose a different method of consolidation:

> 1.  Allow the 13-4627 action to proceed against Retailer Defendants
>     Wal-Mart, Walgreens, HSN and Family Dollar. Also, allow the
>     13-7099 action to proceed against Sam's Club, then

3

2. Consolidate the 13-4627, 13-481, and 12-6671 actions between BG/NEI and the patent infringement defendants named therein under the new 12-6671 civil action number, and

3. Consolidate the 13-7099 and 13-1758 actions between BG/NEI and the patent infringement defendants named therein under the 13-1758 civil action number, and

4. Grant the parties leave to amend their pleadings accordingly, starting with the Complaint in each of the two remaining consolidated actions, and deny all pending motions as moot.

(*Id.*, at 1-2).

Telebrands, Tristar, and the Retail Defendants oppose Blue Gentian and NEI's alternative plan, arguing it is neither necessary nor required for the Retail Defendants to agree to be bound by the judgment in the manufacturer action for the Court to impose a stay. (*See* Dkt. No. 162, at 3-7). They cite both *In re Nintendo, Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) and *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944, 2014 U.S. Dist. LEXIS 59939 (D.N.J. Apr. 30, 2014) ("Richmond I"), where neither court *required* an agreement to be bound. (*See* Dkt. No. 162, at 3-7) (emphasis added).

Telebrands, Tristar, and the Retail Defendants also filed a response, in which they agree to the first three points of the Court's August 8th Order where the Court creates a pair of manufacturer cases, 12-6671 for Telebrands and 13-1758 for Tristar, and a pair of Retailer Defendant cases, which would be stayed, under 13-4627 for Telebrands-related retailers, and under 13-7099 for Tristar-related retailers. (Dkt. No. 160). The only objection raised by Telebrands, Tristar, and the Retail Defendants relates to the motion to dismiss filed by Wal-Mart in the Telebrands case and Sam's Club/Wal-Mart in the Tristar cases. (*Id.*, at 3). They argue that Wal-Mart/Sam's Club is the same entity being sued on the same patents-in-suit, in separate suits, for separate accused products. (*Id.*). They further assert that Wal-Mart should be dismissed, and that Blue Gentian and NEI should file a separate single suit against Wal-Mart. (*Id.*) Blue Gentian and NEI object to the

4

dismissal of Wal-Mart and Sam's Club, arguing that Telebrands, Tristar, and the Retail Defendants' position eviscerates judicial economy by requiring a separate case against Wal-Mart, involving different iterations of patent infringement via different accused products at issue sold by different manufactures, Telebrands and Tristar. (*See* Dkt. No. 153, at 3-6).

The Court has reviewed the parties' submissions and arguments and will issue an Order for the four points originally set forth in the Court's August 8th Order to Show Cause.

First, the parties appear to agree that Civil Action No. 12-6671 and 13-481 can be consolidated since they are identical cases. Accordingly, the Court will order that these two actions be fully consolidated for all purposes under Civil Action. No. 12-6671, and that Civil Action No. 13-481 will be closed.

As for the dismissal of Wal-Mart and/or Sam's Club, the Court notes that many of the arguments raised in Wal-Mart's motion to dismiss are addressed in the Court's proposed realignment of the cases and stay of the Retail Defendants cases. Further, the Court agrees with Blue Gentian and NEI that the alternative plan of dismissing Wal-Mart in the current actions in favor of filing a separate suit against just Wal-Mart, on different accused products, makes little sense. The Court has already found that the Retail Defendants are proper parties in the action in the sense that they are alleged patent infringers. Wal-Mart is alleged to have sold both Telebrands' product and Tristar's product. Further, Blue Gentian and NEI allege that while the patents-in-suit are the same, the manner in which those patents are infringed differ between the manufacturers. Thus, the Court finds it is in the interest of judicial economy to deny the request to dismiss Wal-Mart and Sam's Club from the pending actions.

Finally, the Court addresses whether it should (1) sever Telebrands from Civil Action No. 13-4627 and Tristar from Civil Action No. 13-7099, and allow both parties to amend the pleadings

and proceed with all claims under all patents against the manufacturers in the initially filed cases (Civil Action No. 12-6671 and Civil Action No. 13-1758, respectively); (2) allow the parties to amend the pleadings in Civil Action No. 13-4627 and Civil Action No. 13-7099 to proceed solely against the Retail Defendants, including HSN and Family Dollar, and stay both Retail Defendant actions pending the resolution of the cases against the manufacturers.

The Court has broad discretion in deciding whether to stay a lawsuit. *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The power to stay this suit "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Cheyney State College Faculty v. Hufstedler*, 703 F.2d 732, 737 (3d Cir. 1983) (quoting *Landis*, 299 U.S. at 254)).

Telebrands, Tristar, and the Retail Defendants contend that the principles behind the Customer-Suit exception dictate that the "peripheral claims" against the Retail Defendants be stayed pending the resolution of the manufacturer actions in the interests of judicial efficiency and economy. Blue Gentian and NEI, on the other hand, contend that these interests would not be served by staying the Retail Defendants' actions because the Retail Defendants have not agreed to be bound by the judgments in the cases against the manufacturers and because collateral estoppel may not apply to them. They contend that if the manufacturers do not prevail that it could potentially lead to additional and duplicative litigation.

The Federal Circuit has recognized a Customer-Suit exception "to the general rule that favors the forum of the first-filed action." *Tegic Commc'ns Corp. v. Bd. of Regents of Univ. of Tex. Sys.*, 458 F.3d 1335, 1343 (Fed. Cir. 2006). This exception provides that, in certain patent cases, "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909

F.2d 1459, 1464 (Fed. Cir. 1990) (citation omitted).  Recently, the Federal Circuit in *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014) relied on the underlying principles of the Customer-Suit Exception in severing and staying a case.  In *In re Nintendo,* the Court severed the manufacturer in a combined manufacturer-retailer patent infringement suit, transferred the manufacturer to its home district, and stayed the remaining retailer defendants pending the outcome of the manufacturer suit.  *Id.*  The Court explained that "[w]hile the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant."  *Id.* at 1365.  The Federal Circuit relied on principles of judicial economy and held that "[s]ince Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first, in any forum." *Id.* at 1366.

Similarly, in *Richmond v. Lumisol Elec. Ltd.*, No. 13-1944, 2014 U.S. Dist. LEXIS 59939 (D.N.J. Apr. 30, 2014) (*"Richmond I"*), the Honorable Mary L. Cooper of this District presided over a consolidated twelve-case infringement action.  *Id.* at *15.  Judge Cooper severed the manufacturer and retailer-defendants pending the resolution of the manufacturer case.  *Id.* at *25. The Court explained that "[c]ourts have exercised their discretion to sever the claims against the downstream defendant from the upstream defendant and then stay the severed claims against the downstream defendant given the 'peripheral nature' of claims against the downstream defendant." *Id.* (internal citation omitted).  The Court noted that:

> The rationale behind severing and staying in these circumstances is that 'second-hand entities like retailers or distributors [are] not involved and [would] not have substantive knowledge about the patent infringement, which would begin at the design and manufacture stages.'  The upstream defendant represents 'the real party in interest,' and ultimately, an infringement claim against the upstream defendant 'is more likely to restore contested property rights nationwide than securing an injunction' against a downstream

> defendant purchaser. Moreover, the downstream defendant would only be liable if the upstream defendant infringed the plaintiff's patent, and thus, adjudication of the patent infringement claim against the upstream defendant often disposes of the claim against the downstream defendant.

*Id.* at *25-26 (internal citations omitted). Judge Cooper later extended her ruling and severed all of the defendants in the case and referred the parties to the Magistrate Judge to determine which claims were to be stayed. *See Richmond v. Lumisol Elect. Ltd.*, No. 13-1944, 2014 U.S. Dist. LEXIS 90541 (D.N.J. July 3, 2014) ("*Richmond II*").

The Customer-Suit exception typically arises when the first-filed case is an infringement action against a customer, and the manufacturer subsequently files a declaratory judgment action against the patent holder in a different forum. The circumstances of this case somewhat differ. Here, the manufacturer actions were filed first—one a declaratory judgment and the other a patent infringement action—followed by combined suits against the manufacturers and Retail Defendants. Thus, the Customer-Suit exception does not directly apply to this case. However, the guiding principles of judicial economy and efficiency behind the exception support severing the cases into separate manufacturer and retailer cases and staying the Retail Defendants actions. *See In re Nintendo*, 756 F.3d 1365; *Richmond I*, 2014 U.S. Dist. LEXIS 59939, at *25.

Blue Gentian and NEI's major concern with staying the Retail Defendant actions is that there is a potential for duplicative and additional litigation because the Retail Defendants have not agreed to be bound by the judgments in the manufacturer cases. It is true that some Courts will take into consideration an agreement to be bound but the precedent this Court relies upon did not require or condition a stay on such agreement. *See, e.g.*, *Richmond I*, 2014 U.S. Dist. LEXIS 59939; *In re Nintendo*, 756 F.3d 1365; *Ultra Prods. v. Best Buy Co.*, No. 09-1095, 2009 U.S. Dist. LEXIS 78678 (D.N.J. Sept. 1, 2009) ("As the Federal Circuit noted in *Katz*, . . . the manufacturer's

8

case need only promise to resolve the 'major issues' concerning the claims against the customer, and not every conceivable issue.") (citing *Katz*, 909 F.2d at 1464)).

The Court finds that *Katz v. Lear Siegler, Inc*. is informative on this issue.  In *Katz*, plaintiff filed a suit against Lear Siegler and a subsidiary, Smith & Wesson, for patent infringement of certain guns.  909 F.2d at 1460-61.  Smith & Wesson moved to enjoin a pending suit that plaintiff had brought against a Smith & Wesson customer, a gun dealer, who purchased the alleged infringing guns.  *Id.* at 1461.  Pursuant to the Customer-Suit exception, the *Katz* trial court enjoined the plaintiff from prosecuting the dealer suit.  *Id.*  The plaintiff appealed arguing that the injunction was improper because the dealer had not agreed to be bound by the result of the manufacturer suit. *Id.* at 1464.  The *Katz* Court rejected this argument finding that "[a]lthough there may be additional issues involving the defendants in the [dealer] action, their prosecution will be advanced if [plaintiff] is successful on the major premises being litigated in [*Katz*], and may well be mooted if [plaintiff] is unsuccessful."  *Id.*  The same reasoning applies in the present case.  As such, the canons of the Customer-Suit exception militate in favor of a stay, without imposing a condition that the Retail Defendants agree to be bound by the judgment of the manufacturer action.

Moreover, the manufacturer actions and the Retail Defendant actions all involve—or will involve after amendment—the same three patents, '776, '941 and '942, and the same issues of infringement, invalidity, and unenforceability.  The resolution of such issues in the manufacturer actions, and the fact that the manufacturers have agreed to indemnify its' customers, would not only simplify the Retail Defendants' actions, but could have a major and even dispositive effect on such actions.  *See, e.g.*, *Katz*, 909 F.2d at 1464 (observing that additional issues involving customers "may well be mooted" if patent holder is unsuccessful in litigation against manufacturers); *Richmond I*, 2014 U.S. Dist. LEXIS 59939, at *26 (noting that "adjudication of

9

the patent infringement claim against the upstream defendant often disposes of the claim against the downstream defendant").

For instance, if the manufacturers prevail in proving patent invalidity or unenforceability, the Retailer Defendants would be free to assert collateral estoppel as a bar against a subsequent suit by Blue Gentian and NEI. *See Blonder-Tongue Labs., Inc. v. Univ. of Illinois Found.*, 402 U.S. 313, 333 (1971) (holding that a judgment of patent invalidity in one case can collaterally estop the patent owner from contesting the invalidity in a subsequent, as long as the patent owner had a full and fair opportunity to litigate the validity of the patent in the first case); *Mendenhall v. Barber Green Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994); *O2 Micro Int'l Ltd. v. Taiwan Sumida Elecs., Inc.*, 315 Fed. App'x 266 (Fed. Cir. 2009); *Pharmacia & Upjohn Co.,* 170 F.3d at 1379 (citing *Gen. Chem. Co. v. Standard Wholesale Phosphate & Acid Works, Inc.*, 101 F.2d 178, 181 (4th Cir. 1939) ("The principle of *Blonder-Tongue* . . . respecting collateral estoppel also applies to unenforceability.")).  It is also possible that if the manufacturers prevail, they may be able to obtain an injunction preventing Blue Gentian and NEI from suing the Retail Defendants for patent infringement.  *See Kessler v. Eldred*, 206 U.S. 285 (1907) (holding that a manufacturer, if he prevailed in an infringement suit brought against him by the patentee, could prevent the impairment of his rights under the judgment but enjoining the patentee from prosecuting suits against his customer).

If, however, Blue Gentian and NEI prevail against the manufacturers for patent infringement, the Retail Defendants would *not* be barred from defending a suit brought by Blue Gentian and NEI for patent infringement.  *See Bechik Prods. Inc. v. Flexible Prods., Inc.*, 225 F.2d 603, 606 (2d Cir. 1955) (quoting *Gen. Chem. Co. v. Standard Wholesale Phosphate & Acid Works, Inc.*, 101 F.2d 178, 181 (4th Cir. 1939) (explaining that "[t]he purchaser of a manufactured product

10

should not be barred . . . from defending a suit brought against him by a patentee for infringement against the manufacturer, for the very good reason that he has had no opportunity to be heard with respect to infringement in the suit against the manufacturer"). Regardless of the effects of collateral estoppel, Blue Gentian and NEI's concern of duplicative litigation is an unlikely scenario because, even if Blue Gentian and NEI prevail against the manufacturers, they could be precluded from recovering from the Retail Defendants if they fully collect from the manufactures. *See Transclean Corp. v. Jiffy Lube Int'l, Inc.*, 474 F.3d 1298, 1304 (Fed. Cir. 2007) (explaining that "a patentee may not sue users of an infringing product for damages if he has collected actual damages from a manufacturer or seller, and those damages fully compensate the patentee for infringement by users") (citing *Birdsell v. Shaliol*, 112 U.S. 485, 1488-89 (1884)). Moreover, if Blue Gentian and NEI obtain injunctive relief against the manufacturers, it would have the practical effect of enjoining the Retail Defendants from further distribution or sale of the accused products since Telebrands and Tristar are the sole manufacturers these products.

Therefore, in the interests of judicial economy and efficiency, the Court will sever the parties, consolidate the actions, and stay the Retail Defendant cases, 13-4627 for Telebrands and 13-7099 for Tristar, as set forth in the Court's August 8th Order to Show Cause. However, in staying the Retail Defendant actions, the Court notes that the Retail Defendants are still obligated to respond to any relevant discovery requests propounded upon them as part of the manufacturer actions.

An appropriate Order shall follow.

**Dated:** October 2, 2014                    ____s/ James B. Clark, III____
                                              **JAMES B. CLARK, III**
                                              **United States Magistrate Judge**