## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BLUE GENTIAN, LLC, NATIONAL EXPRESS, INC., and TELEBRANDS CORP.,** | : : : : | **Civil Action No. 13-1758 (EP) (MAH)** |
| **Plaintiffs,** | : : | |
| v. | : : | **OPINION** |
| **TRISTAR PRODUCTS, INC.,** | : : | |
| **Defendant.** | : : | |

## I.  INTRODUCTION

This matter comes before the Court by way of Telebrands Corporation's ("Telebrands") motions to amend the Fifth Amended Complaint and its infringement contentions.  Mot. to Am. Compl., June 21, 2024, D.E. 615; Mot. to Am. Infringement Contentions, June 21, 2024, D.E. 616.  Tristar Products, Inc. ("Tristar") opposes these motions.  Opp. to Mot. to Am. Fifth Am. Compl., July 22, 2024, D.E. 618; Opp. to Mot. to Am. Contentions, July 22, 2024, D.E. 619. The Court has considered each party's filings in support of, and in opposition to, the motions. Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1, the Court decides these motions without oral argument.  For the reasons set forth below, the Court denies both Telebrands's motion to amend the Fifth Amended Complaint, and its motion to amend its infringement contentions.

## II.    BACKGROUND[1]

This matter is one of several cases alleging patent infringement regarding expandable and retractable garden hoses.  In this case, Plaintiffs allege that Tristar infringes six patents related to the hoses.[2]  Fifth Am. Compl., D.E. 166, ¶¶ 10-12.  Plaintiffs, Blue Gentian, LLC ("Blue Gentian"), National Express, Inc. ("National Express"), and Telebrands market, import, promote, use, distribute, offer for sale, and sell a garden hose known as the "XHose."  *Id.* ¶ 12.  Blue Gentian owns several patents associated with the XHose. *Id.* ¶¶ 10, 11.  Tristar produces, promotes, and sells a garden hose known as the "Flex-Able Hose."  *Id.* ¶ 12.

On October 23, 2012, Blue Gentian filed a Complaint in the United States District Court for the Southern District of Florida alleging Tristar infringed the Patents-in-Suit.  Compl., D.E. 1.  On October 30, 2012, Blue Gentian filed an Amended Complaint adding National Express as a Plaintiff and Keith Mirchandani ("Mirchandani"), the President of Tristar, as a Defendant.  Blue Gentian also added claims for indirect patent infringement of the '942 Patent, false patent marking, false advertising, unfair competition under Florida law, tortious interference with contractual business relationship, and tortious interference with potential advantageous business relationship.  Am. Compl., D.E. 6.

---

[1]  The factual and procedural history of this case is extensive and complex.  Because the Court writes primarily for the parties, it sets forth only the pertinent facts relevant to this motion.

[2]  The relevant patents are:  (1) U.S. Patent No. 8,757,213 ("the '213 Patent"); (2) U.S. Patent No. 8,479,776 ("the '776 Patent"); (3) U.S. Patent No. 8,291,941 ("the '941 Patent"); (4) U.S. Patent No. 8,291,942 ("the '942 Patent"); (5) U.S. Design Patent D722,681 ("the '681 Patent"); and (6) U.S. Design Patent D724,186 ("the '186 Patent") (collectively "the Patents-in-Suit").  *Id.* ¶¶ 10-12.

On March 19, 2013, the Southern District of Florida court transferred this action to the District of New Jersey, following Defendants' motion to transfer venue.[3]  Order, D.E. 37. Pursuant to a Consent Order between the parties, Plaintiffs filed a Second Amended Complaint on July 16, 2013.  Sec. Am. Compl., D.E. 59.  In the Second Amended Complaint, Plaintiffs dismissed Mirchandani as a Defendant, as well as their claims for false patent marking, false advertising, unfair competition under Florida law, tortious interference with contractual business relationship, and tortious interference with potential advantageous business relationships.  *Id.*

On November 19, 2014, Plaintiffs filed a Third Amended Complaint.  The Third Amended Complaint added claims for direct and indirect infringement of the '776 Patent and the '213 Patent.  Third Am. Compl, D.E. 113.

On April 3, 2015, Plaintiffs filed a Fourth Amended Complaint.  The Fourth Amended Complaint added claims for direct and indirect infringement of the '681 and '186 Patents. Fourth Am. Compl., D.E. 124.

On November 3, 2015, the Court entered an Amended Scheduling Order that set a deadline of January 8, 2016 to amend pleadings and join parties.  Am. Sched. Order, D.E. 165, ¶ 13.  The Order also specified that any motion to amend or join parties beyond that date would require the party seeking leave "to show good cause why the amendment could not have been done earlier" pursuant to Federal Rule of Civil Procedure 16.  *Id.*  That January 8, 2016 deadline to amend pleadings was never extended.

---

[3]  Since the litigation was transferred to this District, several district and magistrate judges have managed and presided over it.  Judge Hillman was assigned to the matter on March 9, 2015, and Judge Donio was assigned to the matter on April 27, 2015.  On September 28, 2023, this action was reallocated to Newark and reassigned to Judge Padin and the Undersigned.

On November 6, 2015, Plaintiffs filed the Fifth Amended Complaint--the operative Complaint. The Fifth Amended Complaint added Wal-Mart Stores, Inc.[4] ("Wal-Mart") as a Defendant and alleged claims for direct and indirect patent infringement of the Patents-in-Suit. Fifth Am. Compl., D.E. 166.

On June 23, 2016, Blue Gentian and National Express moved to file a Sixth Amended Complaint. *See* Mot. for Leave to file Sixth Am. Compl., D.E. 191-1, at 1. Blue Gentian and National Express sought to add claims for patent infringement directed at a "new product." *Id.* Specifically, they sought to include Tristar's new product, a "Flex-Able Bungee Hose," as an infringing product. *Id.* After consideration of the parties' papers and oral argument, the Court denied the motion to amend under Federal Rule of Civil Procedure, based on undue delay. *See* Order, D.E. 223; Tr. of September 30, 2016 Hrg., D.E. 226, 33:5-36:23. Specifically, the Court determined that:

> This case is a 2013 case. The fact discovery is completed as of today, expert report deadlines are looming, *Markman* briefs have been filed, the complaint has been amended five times, and I deny the proposed amendment on the basis of undue -- on the basis of delay.

*Id.* at 34:17-21. The Court denied Plaintiffs' motion to amend without prejudice to their right to file a new action for the new products and seek consolidation if the new action could procedurally be caught up to the instant action. *Id.* at 33:26-34:3. Plaintiffs did not file a new action.

On May 19, 2017, National Express filed a motion to substitute then non-party, Telebrands, as a Plaintiff for National Express. Mot. to Substitute Party, D.E. 271. National

---

[4] Plaintiffs voluntarily dismissed Wal-Mart as a Defendant on May 13, 2020. Stip. of Voluntary Dismissal, D.E. 565.

Express moved this Court to substitute Telebrands for National Express because its "entire interest in and to all of the [at-issue patents] … was transferred from National Express to [Telebrands]." *Id.* at 1. Tristar and then-Defendant, Wal-Mart, opposed the motion in part. Opp. to Mot. to Substitute, D.E. 279. Specifically, they did not oppose joinder of Telebrands as a plaintiff but opposed its full substitution in place of National Express. *Id.* On June 19, 2017, Judge Donio denied National Express's request to substitute Telebrands in its place in this litigation. *See* Order Joining Telebrands, D.E. 289; Inclusion of Telebrands in Discovery Confidentiality Order, D.E. 317. However, the Court joined Telebrands as a party plaintiff and counterclaim defendant.[5] *Id.*

On January 15, 2020, Judge Hillman determined that Gary Ragner was an unnamed co-inventor of the Patents-in-Suit and should be added as a co-inventor to the Berardi patents.[6] D.E. 545. On January 30, 2020, Defendants moved for clarification of certain aspects of the Court's Opinion. The Court filed an Amended Opinion clarifying certain aspects of its ruling but not reversing its holding. *See* Am. Opin., D.E. 569. Blue Gentian, National Express, and Telebrands appealed the original and amended rulings to the Federal Circuit, and this matter was stayed

---

[5] Telebrands had not been named previously in any iteration of the pleadings. *See generally* Compl., D.E. 1; Fifth Am. Compl., D.E. 166.

[6] From the outset of this litigation, Michael Berardi, principal of Blue Gentian, claimed he was the sole named inventor of the Patents-in-Suit. *See* Fifth Am. Compl., D.E. 166, at ¶¶ 34–165. However, Tristar contested the characterization of Michael Berardi as the sole inventor of the Patents-in-Suit. On July 9, 2017, Tristar filed a Rule 42(b) motion requesting a hearing on the issue of inventorship. *See* Mot. for Hearing, D.E. 301-1, at 3. On January 15, 2020, the Court determined that Berardi was not the sole inventor but rather that Gary Ragner, head of Ragner Technology Corporation, was a co-inventor of the patents. *See* Op., D.E. 545 at 2. Specifically, the Court determined that "Defendants have shown through clear and convincing evidence that Gary Ragner contributed to the conception of the XHose and at least one claim in each of the asserted Berardi patents and should be named an [sic] co-inventor." *See* Am. Opin., D.E. 569, at 48.

during the pendency of the appeal.  Notice of Appeal, D.E. 571; Stip. & Order to Certify Judgment, D.E. 581.  On June 9, 2023, the Federal Circuit affirmed Judge Hillman's rulings.  *Blue Gentian, LLC v. Tristar Products Inc.,* 70 F.4th 1351, 1354, 1365 (Fed. Cir. 2023).  The Federal Circuit issued its Mandate on July 17, 2023.  Mandate, D.E. 586.

On October 2, 2023, this matter along with other related matters pending in this District[7] were referred to mediation and administratively terminated pending the mediation.  Order, D.E. 603.  Once it was reported to the Court that mediation was unsuccessful, the Court requested status reports from the parties and convened a status conference on February 14, 2024.  On February 6, 2024, Telebrands represented in a status report that the "patent infringement claims against Tristar are ready to proceed[,]" but that Telebrands also sought to add Trend Makers, an alleged Tristar-related entity, as a Defendant.  *See Tristar v. National Express,* Civ. No. 13-7752, Statement by All Defendants, D.E. 433, at 4.  On May 23, 2024, the Court held another status conference where it set a schedule for the instant motions.  *See* Am. Sched. Order, D.E. 610, at 2.

On June 21, 2024, Telebrands filed the instant motion to file a Sixth Amended Complaint.  Telebrands seeks to: (1) include allegations regarding how Tristar "has continued to market and sell infringing products in new ways that were not detailed in the Fifth Amended Complaint;"[8] (2) add Telebrands as a Plaintiff and remove Wal-Mart as a Defendant, two changes which have already occurred in this litigation, but which have not otherwise been set

---

[7]  The related actions consist of: *Tristar Products Inc. v. National Express*, Civ. No. 13-7752; *Ragner Tech Corp v. Telebrands Corp.*, Civ. No. 15-8185; *Telebrands Corp. v. Ragner Tech Group*, Civ. No. 15-3163; *Telebrands Corp. v. Ragner Tech Group*, Civ. No. 16-3594; *Telebrands Corp. v. Ragner Tech Group*, Civ. No. 16-3474, and *Ragner Tech. v. Berardi*, Civ. No. 15-7752.

[8]  In particular, Telebrands seeks to add a new infringing product, the "Flex-Able Bungee Hose." Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 3.

forth in a pleading; (3) remove Blue Gentian and National Express as Plaintiffs because "they no longer hold any right, title or interest" in the Patents-in-Suit; and (4) add Trend Makers, LLC ("Trend Makers"), an alleged alter ego of Tristar, as a Defendant. *See* Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 2-5. Telebrands also seeks to join Trend Makers as a Defendant pursuant to Rules 19 or 20. *See id* at 1. By separate motion, Telebrands seeks to amend the infringement contentions to accuse new and additional products marketed or sold by Tristar since December 2015 or by Trend Makers since 2022. *See* Mem. in Supp. Mot. to Am. Infringement Contentions, D.E. 616-1, at 2-3.

On July 22, 2024, Tristar filed briefs opposing Telebrands's motions to amend the Fifth Amended Complaint and infringement contentions. *See* Opp. to Mot. to Am. Compl., D.E. 618; Opp. to Mot. to Am. Contentions, D.E. 619. Tristar argues that the Court should deny Telebrands's motion to amend the Fifth Amended Complaint because: (1) it has failed to establish good cause to do so at this late stage, nine years after filing the now operative pleading; (2) any amendments now are futile; (3) Telebrands's request to amend is made in bad faith and is the product of undue delay; and (4) Tristar will suffer prejudice if the Court permits the amendments. Opp. to Mot. to Am. Compl., D.E. 618, at 12-13. Tristar contends that the Court should deny Telebrands's request to join Trend Makers under Rule 19 or 20 because joinder is neither required nor permissible. *Id.* at 28-30.

Tristar argues that the Court should deny Telebrands's motion to amend the infringement contentions for the same reasons it should deny the motion to amend the Fifth Amended Complaint. Opp. to Mot. to Am. Contentions, D.E. 619, at 3-6. Specifically, Tristar maintains that Telebrands should not be allowed to include new infringing products or parties at this late

stage because Telebrands has failed to show good cause for the amendment and any amendment now would prejudice Tristar. *Id.* at 6-7.

In reply, Telebrands reiterates its arguments in support of its motion to amend the Fifth Amended Complaint pleading, and maintains that it should be permitted to amend the nine-year-old Fifth Amended Complaint to "reflect[] the current state of the facts." Reply in Supp. of Mot to Am. Compl., D.E. 625, at 1. Telebrands also asserts that if its motion to amend the pleadings is denied, it will simply file a new action, leading the parties and the Court to the place they are now. *Id.* at 15. With respect to the motion to amend the infringement contentions, Telebrands argues that "[l]ack of diligence . . . is not an issue here where Plaintiff seeks to add infringement contentions concerning facts *that took place after the service of the last infringement contentions*." Reply to Mot. to Am. Contentions, D.E. 626, at 5 (emphasis in original).

## III.    DISCUSSION

### A. Telebrands's Motion to Amend the Fifth Amended Complaint

#### 1. Rule 16

The Third Circuit has adopted a liberal approach to the amendment of pleadings to ensure that claims will be decided on their merits rather than on technicalities. *Dole v. Acro Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). Under Federal Rule of Civil Procedure 15(a)(2), the Court should freely give leave to amend the Complaint when justice so requires. *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (citing Fed. R. Civ. P. 15(a)(2)). If a motion to amend is untimely, Federal Rule of Civil Procedure 16(b)(4) requires a party to make a showing of "good cause" as to why the scheduling order should be modified before the Court can address the merits of a motion to amend under Rule 15. *See Premier Comp Solutions, LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). While neither party explicitly discusses Rule 16 as it relates to Plaintiff's instant motion, "the fact that neither party specifically

names Rule 16 or its required good-cause showing does not preclude the Court from applying that standard to [a] plaintiff's motion to amend." *Lloyd-Jones v. Connolly*, No. 20-912, 2022 WL 3572837, at *2 (D.N.J. Aug. 19, 2022) (internal quotations omitted).

Federal Rule of Civil Procedure 16(b)(3)(A) requires courts to issue a scheduling order that "limit[s] the time to join other parties, amend the pleadings, complete discovery, and file motions." A motion to amend filed after the Court's Rule 16(b)(3)(A) deadline is subject to a heightened level of scrutiny. *Korrow v. Aaron's, Inc.*, 300 F.R.D. 215, 220 (D.N.J. 2014). The movant must first satisfy the requirements of Rule 16(b)(4), which requires that party to "demonstrate 'good cause' to amend the Rule 16 Scheduling Order" and obtain the Court's consent "to extend the deadline to amend pleadings." *Id.* (quoting *Velto v. Reliance Standard Life Ins. Co.*, No. 10-1829, 2011 WL 810550, at *4 (D.N.J. Mar. 1, 2011)); *see also* Fed. R. Civ. P. 16(b)(4). "Only after having found the requisite showing of good cause will the [C]ourt consider whether the proposed amended pleading meets the [Rule] 15(a) standard." *Home Semiconductor Corp. v. Samsung Elecs. Co.*, No. 13-2033, 2019 WL 2135858, at *2 (D. Del. May 16, 2019); *accord Korrow*, 300 F.R.D. at 220; *Nasa Mach. Tools Inc. v. FAMA Tech. Inc.*, No. 18-2872, 2019 WL 7207503, at *2 (D.N.J. Dec. 27, 2019).

"A determination of 'good cause' under Rule 16 depends on the diligence of the moving party." *Korrow*, 300 F.R.D. at 220 (citing *GlobespanVirata, Inc. v. Texas Instruments Inc.*, No. 03-2854, 2005 WL 1638136, at *3 (D.N.J. July 12, 2005)). Good cause requires a showing that, despite the movant's attentiveness, "the deadlines set forth in the scheduling order could not reasonably be met." *Id.*; *see also Harrison Beverage Co. v. Dribeck Imps.*, 133 F.R.D. 463, 469 (D.N.J. 1990). "[G]ood cause may be satisfied if the movant shows that their delay in filing the motion to amend stemmed from 'any mistake, excusable neglect or any other factor which might

understandably account for failure of counsel to undertake to comply with the Scheduling Order.'" *Fermin v. Toyota Material Handling, U.S.A., Inc.*, No. 10-3755, 2012 WL 1393074, at *3 (D.N.J. Apr. 23, 2012) (alteration in original) (quoting *Phillips v. Greben*, No. 04-5590, 2006 WL 3069475, at *6 (D.N.J. Oct. 27, 2006)). "[C]ourts typically examine whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the amended motion before the deadline had expired." *Id.*

The Amended Pretrial Scheduling Order set a January 8, 2016 deadline to file any motion to amend the pleadings. Am. Sched. Order, D.E. 165, ¶ 13. The Court did not amend that deadline, nor did any party ask the Court to do so. Telebrands filed the instant motion on June 21, 2024, more than eight years after the deadline in the Amended Scheduling Order. Mot. to Am. Compl., D.E. 615. Therefore, the preliminary question before the Court is whether good cause exists under Rule 16 to now allow Telebrands to amend the Fifth Amended Complaint.

Tristar argues that Telebrands cannot show good cause under Rule 16 because it has not shown due diligence in filing the motion well beyond the deadline to do so. On the other hand, Telebrands completely fails to address the good cause standard under Rule 16. This deficiency alone warrants denial of Telebrands's motion. *See Premier Comp Sols. LLC v. UPMC Health Network, Inc.*, No. 15-703, 2017 WL 11680911, at *2 (W.D. Pa. Sept. 26, 2017) (plaintiff "utterly fails to establish good cause for leave to file a second amended complaint" where plaintiff failed to discuss due diligence under Rule 16), *aff'd, Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020) (party forfeits any good cause argument under Rule 16 where its brief relies solely on Rule 15(a)). This is particularly true where, as here, the Court is faced with a motion to amend that includes adding a defendant and new claims, in a twelve-year-old case, and where the deadline to amend the pleadings passed more than eight years ago. *See*

*Int'l Constr. Prod. LLC v. Caterpillar Inc.*, No. 15-108, 2024 WL 406433, at *2 (D. Del. Feb. 2, 2024) (finding that plaintiff, who waited more than five years beyond the deadline to amend, forfeited any good cause argument by failing to address good cause in its moving brief).

In the interest of completeness and fairness, the Court has independently examined the record, and Telebrands's arguments, to determine if there is good cause under Rule 16. But that analysis yields the same result. The instant motion comes nearly ten years after Blue Gentian and National Express filed the operative Fifth Amended Complaint, and many years after the Court denied the motion for leave to amend the complaint for a sixth time. Despite that, Telebrands argues amendment is appropriate to include factual developments occurring since Blue Gentian and National Express filed the Fifth Amended Complaint on November 6, 2015. Those amendments include some technical changes, such as adding Telebrands as a plaintiff, removing Blue Gentian and National Express as plaintiffs, and removing Wal-Mart as a defendant. But the proposed changes also include adding Trend Makers as a defendant, and adding new accused products. The Court considers those proposed amendments in turn.

Other than Telebrands's request to add Trend Makers, none of the proposed amendments is new. In that regard, much of Telebrands's motion to amend seeks to re-litigate matters long since settled by the Court. For example, On June 23, 2016, Blue Gentian and National Express attempted, unsuccessfully, to amend the Complaint to add a new product, a "Flex-Able Bungee Hose." Judge Donio denied that application on September 30, 2016. *See* Mot. for Leave to File Sixth Am. Compl., D.E. 191-1; Order, D.E. 223. Judge Donio denied the motion based on undue delay due in view of the age of the case. *See* Tr. of Oral Op., D.E. 226, 33:5-36:23.

In May 2017, National Express moved to substitute Telebrands, then not a party to this case, as a plaintiff for National Express. Judge Donio denied that application on June 19, 2017.

11

*See* Mot. to Substitute Party, D.E. 271; Order Joining Telebrands, D.E. 289; Inclusion of

Telebrands in Discovery Confidentiality Order, D.E. 317.  Specifically, Judge Donio added

Telebrands as both a plaintiff and a counterclaim defendant.  *Id.*

On May 13, 2020, Plaintiffs voluntarily dismissed Wal-Mart as a defendant.  Stip. of

Voluntary Dismissal, D.E. 565.  Therefore, Wal-Mart has not been a defendant in this case for

more than four years.

Telebrands's request to include Trend Makers has not previously been litigated.

Telebrands contends that Tristar formed Trend Makers in 2022 "to market and sell the infringing

Flex-Able Hose products."  Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 2.  Telebrands

reasons that because Trend Makers was formed in April 2022, Telebrands could not have known

of the existence of Trend Makers before the deadline for amending pleadings passed.  That might

be true, but Telebrands still must show good cause for seeking to amend the Fifth Amended

Complaint now, and good cause requires a showing of diligence.  *Korrow*, 300 F.R.D. at 220 ("A

determination of 'good cause' under Rule 16 depends on the diligence of the moving party.").

The Court cannot find on the facts before it that Telebrands has acted with the requisite

degree of diligence in seeking to add Trend Makers at this juncture.  It is true that this action was

largely stayed between April 2022 and July 17, 2023 because of the pending Federal Circuit

appeal of Judge Hillman's ruling on co-inventorship.  It is also true that the matter was

administratively terminated after being sent to mediation on October 2, 2023, and that it did not

become active again until January 25, 2024, when the Undersigned scheduled a conference for

February 14, 2024.  However, Telebrands filed letters with the Court on July 17, 2023,

requesting a conference, and on September 27, 2023, seeking to strike Tristar's motion for

judgment on the pleadings.  *See* Letter, D.E. 587; Letter, D.E. 601.  Neither of these letters

indicated that Telebrands sought to add Trend Makers as a defendant.  Instead, Telebrands first notified the Court that it would be seeking to add Trend Makers as a defendant in its February 6, 2024 proposed agenda for the February 14, 2024 conference, which the Court ordered the parties to file.  Given that Judge Donio had already denied a prior motion to amend based on undue delay, and that the deadline to amend the pleadings expired on January 8, 2016, the Court cannot find that Telebrands acted with the requisite amount of diligence under Rule 16.[9]

The Court therefore concludes Telebrands has not established good cause under Rule 16 to modify the Pretrial Scheduling Order and the amendments thereto.  Because the Court has determined that Telebrands has not satisfied the good cause standard under Rule 16, it need not reach Rule 15.  *See E. Mins. & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000); *Watson v. Sunrise Senior Living Servs., Inc.*, Civ. No. 10-230, 2015 WL 1268190, at *10 (D.N.J. Mar. 18, 2015).  But in the interest of completeness, the Court also considers the motion under that standard.

### 2.  Rule 15

Tristar argues that the Court should deny Telebrands's motion under Rule 15 because amendment would subject them to undue delay and prejudice, is the product of bad faith, and is futile.  Opp. to Mot. to Am. Compl., D.E. 618, at 14-28.  On the other hand, Telebrands contends that its proposed Sixth Amended Complaint will not result in undue delay or unfair prejudice and is not futile.  Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 7-10.

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete*

---

[9]  Even if Telebrands established good cause under Rule 16 to add Trend Makers and its product to this litigation, the Court would still find that the application fails under Rules 15, 19, and 20, for the reasons set forth below.

*Prods., LLC v. Argos USVI, Corp.,* 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15 (a)(2)).  The Court may deny a motion to amend the pleadings only where there is (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; (4) repeated failures to cure deficiencies; or (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson,* 393 F.3d 390, 400 (3d Cir. 2004) ("We have held that motions to amend pleadings [under Rule 15(a)] should be liberally granted.") (citations omitted); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir. 2002) ("Under Rule 15(a), if a plaintiff requests leave to amend a complaint . . . such leave must be granted in the absence of undue delay, bad faith, dilatory motive, unfair prejudice, or futility of amendment.").

### a.  Undue Delay and Unfair Prejudice

Much of the analysis for undue delay under Rule 15 naturally overlaps with the good-cause analysis under Rule 16.  But the standards are distinct, and hence the Court separately considers the undue delay element of Rule 15.

"The concepts of undue delay and unfair prejudice are often interrelated in the context of a Rule 15 analysis, and the Court will consider them together." *Spiderplow, Inc. v. Site Energy*, No. 16-2318, 2017 WL 11477633, at *3 (D.N.J. Feb. 8, 2017).  A party's delay, by itself, is insufficient to justify denial of leave to amend.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006).  "However, 'at some point, the delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party.'"  *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).  The inquiry into undue delay includes consideration of the court's "[i]nterests in judicial economy and finality," as well as a "focus on the movant's reasons for not amending sooner." *USX Corp. v. Barnhart*, 395 F.3d 161, 168 (3d Cir. 2004).

Further, it is well-established that "[p]rejudice to the non-moving party is the touchstone for the denial of an amendment." *Cornell and Co., Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978); *see also Johnson v. New Jersey*, No. 18-11299, 2023 WL 3952985, at *4 (D.N.J. June 12, 2023) (quoting *Cureton*, 252 F.3d at 273) (stating the court's focus is specifically "on the hardship to the defendants if the amendment were permitted"). In assessing prejudice, courts consider whether the proposed amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Long*, 393 F.3d at 400.

The undue delay element of Rule 15 compels denial of the motion for the same reasons as expressed in the Rule 16 analysis. Telebrands's request to add Trend Makers and a new product comes many years after this matter was filed, and after years of discovery, motion practice, and an appeal to the Federal Circuit. *See Wiley v. City of Newark*, No. 16-2530, 2022 WL 3013075, at *5 (D.N.J. July 29, 2022) (finding undue delay where the plaintiff sought leave to six years following the initial filing). As Judge Donio emphasized when she denied the prior motion to amend the Fifth Amended Complaint, fact discovery was complete as of September 30, 2016, *Markman* briefs had been filed, expert deadlines were looming, and the Complaint had already been amended five times.[10] Tr. of September 30, 2016 Hrg., D.E. 226, at 33:5-36:23. Her Honor reasoned that given the age of the case, and the amount of litigation completed to that point, the additional discovery that the amendment would have required compelled denial of the motion under Rule 15. *Id.* at 35:1-22.

---

[10] It is noteworthy that in denying amendment under Rule 15, Judge Donio assumed for the sake of argument that Blue Gentian and National Express had good cause under Rule 16. Tr. of September 30, 2016 Hrg., D.E. 226, at 34:4-15.

Judge Donio's reasoning applies even more forcefully now. This matter, which is already more than eleven years old, and for which the deadline to amend passed eight years ago, would be even further encumbered and delayed from final resolution if the Court allowed the addition of Trend Makers and the new product. Adding Trend Makers and the new product would inevitably require entirely new written discovery and depositions, the exchange of infringement and invalidity contentions, and perhaps a new *Markman* hearing. Moreover, this litigation has witnessed myriad discovery disputes and motions that have required repeated Court intervention. The Court must allow for the strong possibility that new discovery disputes would accompany the new discovery, and further protract this litigation. *See, e.g.*, Letters, D.E.s 641-643. Likely, granting this motion would also require amendments and extensions of all patent-related tasks as well. *See, infra*, Mot. to Am. Contentions. To allow amendment and the addition of a new party and product at this juncture would multiply the proceedings, protract discovery, and unduly cause Defendants to incur considerable costs. It also would "render[] the complaint 'a moving target'." *Ramirez-Rodriguez v. W. New York Bd. of Educ.*, No. 18-17081, 2022 WL 2158965, at *3 (D.N.J. June 15, 2022) ("[A]dding new claims at this stage in the case—over two years after the amendment deadline, and following three years of discovery, after a Final Pretrial Conference was scheduled (although later canceled), and after the BOE has stated its intention to file a summary judgment motion—renders the complaint a 'moving target.'"); *see also Berk v. Ritz Carlton Condo. Ass'n*, No. 19-20666, 2021 WL 2651252 at *4 (D.N.J. Nov. 12, 2021) (stating that courts have "rightly rejected" a "moving target" approach to amendments; "wait and see tactics amount to undue delay and would prejudice the defendants").

It is true that the "mere passage of time is not sufficient grounds to deny leave to amend[.]" *Cureton v. National Collegiate Athletic Ass'n,* 252 F.3d 267, 273 (3d Cir. 2001). But

it is not the mere passage of time that warrants denial of the motion; it is the unacceptable degree to which the amendments would further separate this case from its long-awaited resolution, and the undue burden that the amendments would pose for the Court and Tristar.  Telebrands asserts that Tristar will not suffer prejudice because "[t]he changes in the Sixth Amended Complaint simply update surrounding facts to these infringement claims based on developments that have occurred in the nearly nine years since the filing of the Fifth Amended Complaint."  *See* Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 7.  That assertion is entirely unpersuasive as it elides the new discovery and other tasks the amendments would require.  *Red Clay Consol. Sch. Dist. v. T.S.*, No. 10-00784, 2011 WL 4498964, at *4 (D. De. 2011) (finding prejudice under Rule 15 where the proposed counterclaim would require the plaintiff to "to conduct additional discovery beyond what has already been produced and beyond what is feasible under the governing discovery timeline. Additionally, Plaintiff would likely have to obtain additional expert analysis and develop new legal strategies").  Therefore, the Court is constrained to find that permitting the proposed amendments concerning Trend Makers and its product will result in unfair prejudice to Tristar.[11]  *See Spiderplow*, 2017 WL 11477633, at *3 ("[I]f a party waits until the

---

[11]  Because the Court is denying the motion for leave to amend based on unfair prejudice and undue delay, it need not reach the issues of futility or dilatory motive.  Moreover, adjudication of the futility arguments could significantly impact the ultimate resolution of this case.  *Gov't Emps. Ins. Co. v. Yoo*, No. 19-16996, 2019 WL 13536629, *2 (D.N.J. Nov. 5, 2019) (finding that "Defendants' futility arguments go beyond the bounds of Plaintiff's proposed amendments and strike at the heart of the current operative complaint" and declining to reach the merits of Plaintiff's claims on a motion to amend).  For example, Tristar asserts that the Court should deny the motion to amend because Telebrands is not the rightful owner of the asserted patents, and Judge Hillman's resolution of the co-inventorship issue, which the Federal Circuit affirmed, were dispositive of the issues in the case.  But these arguments rely on evidence outside of the pleadings and are directed to the merits of the litigation.  Accordingly, they are more appropriately considered on a motion for summary judgment.  *Galluccio v. Pride Indus.*, No. 15-3423, 2016 WL 234840 (D.N.J. Jan. 20, 2016) (finding additional claim would be more appropriately handled at summary judgment as opposed to within a futility analysis); *see also Roxane Lab'ys, Inc. v. Camber Pharms. Inc.*, No. 14-4042, 2015 WL 12838313, at *1 (D.N.J.

end stages of a litigation to seek its proposed amendment, and its adversary is then forced to . . .

engage in additional dispositive motion practice to address the amendments, then the timing of

the amendment may prejudice the non-moving party.").

### 3.  Joinder under Rules 19 and 20

Even if Telebrands's motion to add Trend Makers satisfied Rules 15 and 16, its

application would fail under Rules 19 and 20.  Parties can rely on Federal Rules Civil Procedure

19 and 20 to join additional parties. *Nat'l Packaging Servs. v. Citrus & Allied Essences Ltd.*, 21-

6366, 2021 WL 4843608, at *2 (D.N.J. Oct. 18, 2021).  Rule 19 determines when joinder of a

party is compulsory.  *Panella v. O'Brien*, No. 05-1790, 2006 WL 2466858, at *5 (D.N.J. Aug.

24, 2006).  To obtain compulsory joinder under 19(a), a party must demonstrate that the absent

party is necessary for adjudication.  *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306,

313 (3d Cir. 2007).  A non-party is necessary if the absent party claims an interest regarding the

action, and is so situated that disposing of the action in its absence may impair or impede the

absent party's ability to protect that interest.  *Id.* at 405.

A non-party also might be considered necessary if complete relief cannot be afforded

among the existing parties.  *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399,

405 (3d Cir. 1993).  Completeness of relief "is determined on the basis of those persons who are

already parties, and not as between a party and the absent person whose joinder is sought."

*Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996).  Furthermore, in

determining completeness of relief, a court must consider only the claims in the operative

---

Apr. 29, 2015) ("Plaintiff's arguments cannot succeed because they rely on facts outside the pleadings.").

pleading at the time joinder is sought.  *Cooley v. Lisman*, No. 16-4499, 2019 WL 11288454, at *4 (D.N.J. Feb. 28, 2019).

Permissive joinder is governed by Rule 20, and is to be liberally granted.  *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("[U]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").  A party seeking permissive joinder must show that their claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and that there is a question of law or fact common to all joined parties. *Miller v. Hygrade Food Prods. Corp.*, 202 F.R.D. 142, 143 (E.D. Pa. 2001).

The decision whether to permit joinder under Rule 20 is soundly within the Court's discretion.  *Bell v. Lockheed Martin Corp.*, No. 08-6292, 2010 WL 3724271, at *12 (D.N.J. Sept. 15, 2010).  Courts should consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness." *Cooley*, 2019 WL 11288454, at *5 (quoting *McKoy v. Carter*, No. 09-4170, 2010 WL 11470887, at *3 (D.N.J. Apr. 16, 2010)).  Those other relevant factors include "the possible prejudice that may result to any of the parties in the litigation, the delay of the moving party in seeking an amendment to his pleadings, the motive that the moving party has in seeking the amendment, the closeness of the relationship between the new and the old parties, the effect of an amendment on the court's jurisdiction, and the new party's notice of the pending action." *Id.*

Telebrands seeks to add Trend Makers as a defendant under either Rule 19 or 20.  It argues that Trend Makers's joinder is compulsory under Rule 19 because Tristar created Trend Makers to market and sell Tristar's infringing product while shielding Tristar from liability.  *See* Mem. in Supp. Mot. to Am. Compl., D.E. 615-1, at 10-11. In short, Telebrands avers that Trend

Makers is Tristar's alter ego. Therefore, Telebrands posits that the Court cannot accord complete relief without joining Trend Makers. *Id.* In the alternative, Telebrands requests to add Trend Makers under Rule 20 because it "continues to infringe the Patents-in-Suit." *Id.* at 11.

Tristar responds that the Court should deny the request based on futility, bad faith, undue delay, and unfair prejudice. Opp. to Mot. to Am. Fifth Am. Compl., July 22, 2024, D.E. 618, at 28-29. Tristar contends that Trend Makers is not its alter ego, and adding it as a defendant would require "new and distinct discovery, including potential motion practice." *Id.* at 29. Tristar also asserts that Telebrands has failed to establish that joinder of Trend Makers is compulsory, because Telebrands fails to explain why it cannot obtain complete relief if Trend Makers is not joined. *Id.* at 30.

Telebrands's request to add Trend Makers under Rules 19 and 20 is bare and conclusory. Telebrands makes little attempt to even analyze why joinder of Trend Makers is either mandatory or permissive. Instead, Telebrands makes a blanket assertion that Trend Makers was formed in 2022 as Tristar's alter ego. *See Combustion Syss. Servs., Inc. v. Schuykill Energy Resources, Inc.*, 1993 WL 496946, at *2 (E.D. Pa. Nov. 19, 1993) (noting that the Court lacks the time to "undertake legal research to support the moving party's positions"). Moreover, Telebrands cites only a single case in support of its request, and that case only discusses permissive joinder in general terms. Despite this threadbare showing, the Court will analyze Telebrands's application under both Rule 19 and Rule 20.

Compulsory joinder of Trend Makers under Rule 19 is not appropriate for several reasons. First, the Court cannot conclude that Trend Makers is a necessary party for adjudication of this more than twelve-year-old litigation. This is particularly true where Trend Makers was only formed two years ago. Second, Telebrands does not allege, and the Court cannot find, that

complete relief cannot be accorded among the existing parties without Trend Makers's joinder. *Angst*, 77 F.3d at 705 (whether complete relief can be accorded is determined as between the existing parties, not as between a party and the party sought to be joined). For example, Telebrands does not allege that Tristar would be unable to satisfy any money judgment that might be entered against it. Third, having denied Telebrands's request to amend the Fifth Amended Complaint under Rule 15, the Court must consider whether Telebrands can obtain complete relief based on the claims in the Fifth Amended Complaint absent Trend Makers's joinder. *Cooley*, 2019 WL 11288454, at *4 (noting that a court must consider only the claims in the operative pleading at the time joinder is sought). The Court cannot find, nor does Telebrands provide, any reason it cannot obtain complete relief on its claims in the Fifth Amended Complain absent the joinder of Trend Makers. Indeed, because Trend Makers was only formed in 2022, ten years after this litigation commenced and seven years after the operative Fifth Amended Complaint was filed, the Court fails to understand how Telebrands would be unable to obtain complete relief without the addition of Trend Makers. Accordingly, the Court finds that Trend Makers is not an indispensable party.

The Court also finds that Telebrands's application fails under Rule 20. Even if this Court were to find that Telebrands's claims against Trend Makers arose from the same transaction, occurrence, or series of transactions or occurrences, and that there is a question of law or fact common to all joined parties, it still has the discretion to deny joinder under Rule 20 based on undue delay and unfair prejudice. *Cooley*, 2019 WL 11288454, at *5. The foregoing discussion of undue delay and prejudice to Tristar under Rule 15 compels a similar conclusion here. The Court adds that joining Trend Makers as a defendant would involve a new set of facts and discovery, essentially starting aspects of the case over in an already twelve-year-old case. Under

these circumstances, the Court finds that joinder under Rule 20 will not "comport with the principles of fundamental fairness." *Cooley*, 2019 WL 11288454, at *5. Therefore, the Court denies Telebrands's request to join Trend Makers under Rules 19 and 20.

For all of these reasons, the Court denies Telebrands's motion to amend its Fifth Amended Complaint.

## IV.    Telebrands's Request to Amend Infringement Contentions

The Local Patent Rules for the District of New Jersey require early disclosure of the patentee's infringement contentions and the alleged infringer's invalidity contentions. *Sanofi-Aventis v. Barr Labs., Inc.*, 598 F. Supp. 2d 632, 637 (D.N.J. 2009) (describing the disclosure requirements as something that must be disclosed "*ultra* early" (emphasis in original)). One salient purpose of such early disclosure is "to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *King Pharm., Inc. v. Sandoz Inc.*, No. 08-5974, 2010 WL 2015258, at *4 (D.N.J. May 20, 2010) (quoting *Computer Accelerations Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex 2007)) (internal quotations omitted). The rules "are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." *King Pharm.*, 2010 WL 2015258, at *4 (citing *Atmel Corp. v. Info. Storage Devices, Inc.*, No. 95-1987, 1998 WL 775115, at *2 (N.D. Cal. Nov. 4, 1998)) (internal quotations omitted). The courts of this District have distinguished this stricter standard from the more liberal standard to amend a pleading. *See, e.g., Astrazeneca AB v. Dr. Reddy's Labs., Inc.*, No. 11-2317, 2013 WL 1145359, at *2-3 (D.N.J. Mar. 18, 2013). Nevertheless, Rule 3.7 "is not a straitjacket into which litigants are locked from the moment their contentions are served . . . [a] modest degree of flexibility [exists], at least near the outset." *Id.* at *2. Therefore, although

22

"preliminary . . . contentions are still preliminary it is important to recognize that the Local Patent Rules strive to have the parties establish their contentions early on." *Id.* (internal quotations omitted).

Local Patent Rule 3.7 allows for amendment of contentions "only by order of the Court upon a timely application and showing of good cause." The Federal Circuit has established that with respect to "good cause," parties must "proceed with diligence in amending those contentions when new information comes to light in the course of discovery." *02 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-68 (Fed. Cir. 2006). Thus, good cause "considers first whether the moving party was diligent in amending its contentions." *Dr. Reddy's Labs.*, 2013 WL 1145359, at *3 (citing *O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355 (Fed. Cir. 2006)). The moving party bears the burden of establishing diligence and must prove that it was diligent not only in moving to amend, but also in discovering the grounds for the amendment. *02 Micro Int'l Ltd.*, 467 F.3d at 1366. If the court finds diligence, then it must consider whether the non-moving party would suffer prejudice if the court allows the amendment. *Jazz Pharms., Inc. v. Roxane Labs., Inc.*, No. 10-6108, 2013 WL 785067, at *5 (D.N.J. Feb. 28, 2013).

Telebrands seeks to amend the infringement contentions to track its proposed amendments to the Fifth Amended Complaint. The parties' arguments regarding Telebrands's request to amend the infringement contentions largely track their arguments regarding Telebrands's motion to file a Sixth Amended Complaint. Mot. to Am. Infringement Contentions, June 21, 2024, D.E. 616; Opp. to Mot. to Am. Contentions, July 22, 2024, D.E. 619. Telebrands contends that it has good cause to amend to update its infringement contentions to include the factual developments in this litigation since December 2015, when Blue Gentian

and National Express served their initial infringement contentions.  Mot. to Am. Infringement

Contentions, June 21, 2024, D.E. 616, at 3.  Telebrands claims it "has made this Motion in a

timely manner and with diligence, especially in light of the complex status of this case in

coordination with six other pending cases pending in this District."  *Id.* at 4.  Tristar argues, *inter*

*alia*, that Telebrands's request should be denied because it cannot demonstrate that its

application is timely or that it has good cause for the amendment.  Opp. to Mot. to Am.

Contentions, July 22, 2024, D.E. 619, at 2-6.  In particular, Tristar maintains that Telebrands has

been less than diligent in seeking to amend the infringement contentions, and in fact delayed this

action considerably with its unsuccessful appeal of Judge Hillman's co-inventorship ruling to the

Federal Circuit.  *Id.* at 6.  Tristar reasons that "Telebrands should not now be permitted to expand

the scope of its case, by reason of a delay Telebrands itself orchestrated."  *Id.*

The Court having already determined that Telebrands did not act with the requisite

degree of diligence in moving to amend its Fifth Amended Complaint under Rule 16 or Rule 15,

the Court similarly finds that Telebrands also has failed to establish diligence in moving to

amend its invalidity contentions.  This is particularly true because as noted above, the standard to

amend infringement contentions is more onerous than the standard to amend pleadings.  *Dr.*

*Reddy's Labs.*, 2013 WL 1145359, at *2.  Moreover, it is appropriate to deny a motion to amend

infringement contentions where a motion to amend the complaint dealing with the same claims

and products has already been denied.  *See WAG Acquisition, LLC v. Gattyán Group S.à.r.l.*, No.

14-2832, D.E. 220 (D.N.J. Jan. 29, 2020) (slip op. at 15) ("The Court having already determined

that [defendant] did not act with the requisite degree of diligence in moving to amend its answer

under Rule 16 or Rule 15 to add an inequitable conduct affirmative defense based on Icecast, the

Court similarly finds that [defendant] also has failed to establish diligence in moving to amend

its invalidity contentions."); *Symed Labs Ltd. v. Roxane Labs., Inc.*, No. 15-8304, 2018 WL 572 9909, at *5 (D.N.J. Nov. 2, 2018) (plaintiff conceded that if motion to amend its complaint was denied that it would be appropriate to deny motion to amend infringement contentions based on the same subject matter); *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-1161, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017) ("Because the Court declines to grant leave to amend the complaint [to add a willful infringement claim] there is no need to amend the infringement contentions to track the willfulness allegation."). Courts have found that amendments to the complaint and infringement contentions go hand in hand when based on the same subject matter. *See Sage Electrochromics, Inc. v. View, Inc.*, No. 12-6441, 2014 WL 1379282, at *2 (N.D. Ca. Apr. 8, 2014) ("[I]n permitting a party to amend the complaint to add a new infringement allegation, the court is effectively permitting the amendment of the infringement contentions. It would be a strange result if a patent plaintiff were to be permitted to amend the complaint to add a new patent infringement claim, and then denied the ability to amend the infringement contentions to reflect that change."); *Orlando Commc'ns LLC v. LG Elecs., Inc.*, No. 14-1017, 2015 WL 1246500, at *14 (M.D. Fla. Mar. 16, 2015) (if plaintiff files an amendment complaint, then plaintiff shall file updated infringement contentions reflecting the changes in the amended complaint); *High 5 Games, LLC v. Marks*, No. 13-7161, 2018 WL 4462477, at *2 (D.N.J. Sept. 18, 2018) (finding it appropriate to permit plaintiff to serve new infringement contentions as to new defendants and new claims after Plaintiff filed a third amended complaint); *Harris Corp. v. Huawei Device USA, Inc.*, No. 18-349, 2019 WL 4247067, at *4 (E.D. Tex. Sept. 6, 2019) (granting motion to amend infringement contentions and therefore, finding it proper to permit plaintiff to amend its complaint to ensure the new contentions were supported by the complaint). Accordingly, Telebrands's motion to amend its invalidity contentions is denied.

## IV.    CONCLUSION

For the reasons set forth herein, Telebrands's motions to amend the Fifth Amended Complaint, D.E. 615, and its infringement contentions, D.E. 616, are denied.  An Order consistent with this Opinion will issue.

*s/ Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE


Dated:  November 8, 2024